IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PETER T. HARRELL,

        Plaintiff,

v.

COSTCO, et al.,

        Defendants.

Civ. No. 08-3092-PA

**OPINION AND ORDER**

**PANNER, J.**

    Pro se plaintiff Peter T. Harrell brings this action against Costco, Costco employees, the City of Medford, and City of Medford police officers.

    The Costco defendants move to dismiss for failure to serve and for failure to state a claim as to plaintiff's federal civil rights claims. I grant the motions to dismiss without prejudice as to defendants Guy Berry, Peter Otoski, and Renee Russell, and otherwise deny the motions.

1 - OPINION AND ORDER

**BACKGROUND**

The following background is from the complaint. For purposes of this motion to dismiss, I have also referred to the exhibits plaintiff submitted with his response brief, even though plaintiff has not authenticated the exhibits.

On February 18, 2007, plaintiff and Kimberly Olson attempted to exchange an allegedly defective cordless drill set purchased at a Costco store in Medford for $39.49. A Costco employee refused to exchange the drill set because parts were missing. The employee told Olson that she would need to purchase a new set. Plaintiff alleges that Olson, who was authorized to use plaintiff's Costco account and American Express credit card, then used plaintiff's credit card to pay for a new drill set. Costco kept the allegedly defective set.

When plaintiff and Olson went to the cash register to check out of the store, the teller tried to charge plaintiff for the new drill set. Plaintiff and Olson insisted that the charge be removed. Plaintiff left the store with the new drill set.

In a report dated February 27, 2007, Officer Sartain describes the events as follows:

> Bob Froschauer (Loss prevention Costco) advised that on 2-18-07 at approximately 14:13 hours Kimberly Olson and Peter Harrell made a purchase of a drill set in the amount of $39.49. Kimberly was making the purchase when Peter walked up to her and told her not to purchase the drill set. The drill purchase was voided out and the drill was set aside. After Peter was walking away from the register he stopped[,] returned

2 - OPINION AND ORDER

> to the register, grabbed the drill and stated that he would be taking it up with the manager.
>
> It seems that there was a problem with the return of another drill set. The cashier had his assistant follow Peter to the front of the store. Peter took the drill set and walked out of the business [without] paying for the drill or speaking with a manager. The front end checker had inadvertently missed the voided transaction on the receipt. Bob provided with me a copy of a letter generated by the subject, the loss prevention report[,] as well as 4 witness statement letters.

Pl.'s Resp., Ex. C, at 3.

By letter dated February 19, 2007, defendant Jay Moscatelli, who was then manager of the Medford Costco, notified plaintiff that Costco was terminating his membership and revoking his shopping privileges based on "verified reports that your Costco Wholesale membership account has been used in an inappropriate manner at our business." Pl.'s Resp., Ex. H.

Plaintiff requested clarification from Costco. Moscatelli responded by sending plaintiff a check for $217.39, which was a refund of plaintiff's Costco membership fee and a dividend payment.

Plaintiff then received an email from Officer Sartain, who stated that on February 27, 2007, Costco representatives reported that plaintiff had stolen a drill set from the store. Plaintiff attempted unsuccessfully to negotiate with Costco. On March 22, 2007, plaintiff visited the Medford Police Department with copies of receipts for the drill set. Officer Sartain

3 - OPINION AND ORDER

issued a summons and criminal complaint alleging that plaintiff had committed third-degree theft. The complaint was later signed on Costco's behalf by defendant Froschauer.

Plaintiff was appointed defense counsel and prepared for trial on the theft charge. Before trial, the Medford City Attorney notified plaintiff of "Costco's terms regarding the withdrawal of criminal charges, which terms required Plaintiff to sign a waiver of civil liability relating to Costco and its agents, and to tender $39.49." Compl. at 4. Plaintiff was willing to pay Costco $39.49, but he refused to sign a waiver of civil liability. Plaintiff stated that he would file a civil action against Costco and organize protests at the store.

The trial on the theft III charge ended in a mistrial. Plaintiff alleges that several agents of Costco testified falsely at trial.

The City Attorney dismissed the theft III charge and brought a new charge of attempted theft. Because attempted theft was only a violation, the prosecution's burden of proof was by a preponderance of the evidence, and plaintiff had no right to counsel or trial by jury.

Plaintiff complained that he was being prosecuted for refusing to sign a civil waiver of liability against Costco, violating his constitutional rights. During the trial, the City Attorney questioned plaintiff about his plans to file an action

4 - OPINION AND ORDER

against Costco and the City of Medford if he was acquitted.

The same witnesses for Costco testified at the second trial. Plaintiff alleges that they again testified falsely. The court acquitted plaintiff on May 20, 2008. According to plaintiff, the judge stated that the prosecution witnesses "sounded coached," that the prosecution had not "even come close to proving [its] case," and that the judge was "very troubled by the fact that Costco made such a big deal out of this case, but then shredded the check that was sent to them for payment for the drill set." Compl. at 5.

Plaintiff's complaint asserts civil rights claims under 42 U.S.C. § 1983 against Costco and five Costco employees, as well as the City of Medford and several police officers and officials. Plaintiff also asserts state law claims against defendants.

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim

The Costco defendants move to dismiss plaintiff's civil rights claims under 42 U.S.C. § 1983 for failure to state a claim.

#### A. Standards

In determining whether a complaint fails to state a claim, the court takes the complaint's allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th

5 - OPINION AND ORDER

Cir. 1999). To survive a motion to dismiss, the plaintiff must provide more than conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id., 550 U.S. at 563 n.8.

The court should construe the pleadings of a pro se litigant more leniently than those drafted by a lawyer. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

### B. Liability of Private Parties under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a federal constitutional or statutory right. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). For purposes of a claim under § 1983, a private person may act "under color of state law" through joint action with a state

official.[1]  Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'" Id. (quoting Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989)). The plaintiff must show a "substantial degree of cooperation" between government officials and the private individual. Id. There is no specific formula for defining state action. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).

Here, plaintiff alleges that the Costco defendants conspired with Medford police officers and officials to deprive him of his constitutional rights. Plaintiff alleges that the criminal charges against him were meritless, and that the Costco defendants attempted to use the criminal process as leverage to persuade him to waive his rights to bring a civil action.

Taking plaintiff's allegations as true, as I must on a motion to dismiss, I conclude that plaintiff has stated a claim under § 1983 against Costco, Moscatelli, and Froschauer. Plaintiff has alleged facts which, if true, could establish that City of Medford officials and Costco employees cooperated to

---

[1] There are other tests for determining whether a private individual may be liable as a state actor, but only the joint action test is relevant here. Franklin v. Fox, 312 F.3d 423, 444-45 (describing public function, joint action, state compulsion, and governmental nexus tests) (citing Johnson v. Knowles, 113 F.3d 1114, 1118-19 (9th Cir. 1997)).

7 - OPINION AND ORDER

prosecute plaintiff based on flimsy evidence. Although a private person who reports a crime to law enforcement does not act under color of state law, plaintiff has alleged more than the reporting of a crime. See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) ("provision of background information to a police officer does not by itself make [the private individual] a joint participant in state action under Section 1983"); Arnold v. International Bus. Mach., 637 F.2d 1350, 1357-58 (9th Cir. 1981).

However, plaintiff makes no specific allegations about alleged Costco employees Guy Berry, Peter Otoski, and Renee Russell. I grant the motion to dismiss without prejudice as to these three defendants. Plaintiff may file an amended complaint within twenty days of the date of this opinion and order.

## II. Motion to Dismiss for Failure to Serve

The Costco defendants move dismiss for failure to serve, contending that plaintiff did not serve them within 120 days of filing this action. See Fed. R. Civ. P. 4. Defendant Moscatelli, who no longer works at the Medford Costco, separately moves to dismiss for failure to serve.

This court has discretion in deciding whether to dismiss an action for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987). To avoid dismissal for failure to

8 - OPINION AND ORDER

serve a party, the plaintiff must show good cause, which means at least excusable neglect, and that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)).

Because plaintiff is proceeding in forma pauperis, under 28 U.S.C. §1915(d), the U.S. Marshal's Office is responsible for serving each defendant. Plaintiff is responsible for completing and submitting to the Clerk's Office an original summons for each named defendant, which the Clerk issues. Plaintiff is also responsible for providing the Clerk with the original and three copies of each issued summons, with five copies of the Complaint, as well as a completed Form USM285 with instructions for service of process. See Fed. R. Civ. P. 4.

Here, plaintiff sent two letters to the Clerk requesting forms for service of process. Pl.'s Resp., Ex. A (dated Oct. 1, 2008), Ex. B (Nov. 28, 2008). Based on the delay in providing plaintiff with forms to serve defendants, plaintiff has shown excusable neglect. Because the Costco defendants have actual notice of this action and were not prejudiced by the delay, I deny their motion to dismiss for failure to serve.

Plaintiff attempted to serve defendant Moscatelli through

9 - OPINION AND ORDER

personal delivery to the administrative manager of the Costco warehouse in Medford. Because Moscatelli no longer works for Costco, service was not effected. However, Moscatelli has actual notice of this action and he has not shown prejudice. I conclude that his motion to dismiss for failure to serve should be denied. Counsel for the Costco defendants may either waive service as to Moscatelli, accept service on Moscatelli's behalf, or provide Moscatelli's address to plaintiff so the Marshal may effect personal service on him.

## CONCLUSION

The Costco defendants' motion to dismiss (#16) granted without prejudice as to defendants Berry, Otoski, and Russell, and otherwise denied. Plaintiff may file an amended complaint within 20 days of this opinion and order. Moscatelli's motion to dismiss (#13) is denied.

IT IS SO ORDERED.

DATED this __12__ day of May, 2009.

OWEN M. PANNER
U.S. DISTRICT JUDGE